Dear Mr. Groot:
As City Attorney for the City of Sanford and on behalf of the City Commission, you have asked for my opinion on substantially the following question:
In light of the enactment of Chapter 2011-109, Laws of Florida, may the City of Sanford continue to impose a local business tax as authorized by Chapter 205, Florida Statutes, upon gun dealers and gunsmiths?
In sum:
While Chapter 2011-109, Laws of Florida, preempts to the state the entire field of regulation of firearms, it does not affect the authority of a municipality to impose a local business tax as authorized by Chapter 205, Florida Statutes, upon businesses, professions, or occupations including gun dealers and gunsmiths.
According to your letter, the city is proceeding to amend the City Code of the City of Sanford to bring the code into compliance with Chapter 2011-109, Laws of Florida. You advise that you are in doubt whether the city may continue to impose the local business tax, as authorized by Chapter 205, Florida Statutes, upon gun dealers and gunsmiths. The city's code provisions setting forth a schedule of license taxes states that "[t]he amount of license [sic] tax[1]
levied and imposed upon every person that shall engage in or manage any occupation, business or profession mentioned in this section within the City is hereby fixed, graded and determined as to the following occupations, businesses or professions at the following amounts" and specifically includes gun dealers and gunsmiths within its scope. As you are aware, this office will not comment on the validity of the terms of local legislation but is limited to addressing questions of state law.[2]
Chapter 205, Florida Statutes, is the "Local Business Tax Act."[3] Section 205.042, Florida Statutes, authorizes the governing body of a municipality to levy, by appropriate resolution or ordinance, a local business tax (formerly referred to as an occupational license tax) for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. Any such tax must be based upon reasonable classifications and must be uniform throughout any class.[4] The statute provides that the occupational license tax may be levied on:
"(1) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any business within its jurisdiction.
(2) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction.
(3) Any person who does not qualify under subsection (1) or subsection (2) and who transacts any business or engages in any occupation or profession in interstate commerce, if the business tax is not prohibited by s. 8,Art. I of the United States Constitution."[5]
Adoption of a business tax ordinance or resolution requires public notice and such notice must contain "the proposed classifications and rates applicable to the business tax."[6]
As defined in the statute, the term "[l]ocal business tax" refers to
". . . the fees charged and the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. It does not mean any fees or licenses paid to any board, commission, or officer for permits, registration, examination, or inspection. Unless otherwise provided by law, these are deemed to be regulatory and in addition to, but not in lieu of, any local business tax imposed under the provisions of this chapter."
This definition clearly distinguishes the "local business tax" from fees or licenses which may be regulatory and which may be levied in addition to the local business tax imposed pursuant to Chapter 205, Florida Statutes.
The local business tax authorized to be levied by municipalities by Chapter 205, Florida Statutes, is not directed at regulating firearms or those whose businesses may involve firearms such as gunsmiths or gun dealers. This tax is a license or privilege tax levied on the privilege of conducting business in a jurisdiction and applies equally throughout classifications of businesses.[7] As the local business license tax is not a regulation or a regulatory tax, it would not constitute a "regulation" of gunsmiths or gun dealers.
Chapter 2011-109, Laws of Florida, amended provisions of Chapter 790, Florida Statutes, and is specifically intended to preempt "the entire field of regulation of firearms." As stated in section 790.33(1), Florida Statutes:
"PREEMPTION.-Except as expressly provided by the State Constitution or general law, the Legislature hereby declares that it is occupying the whole field of regulation of firearms and ammunition, including the purchase, sale, transfer, taxation, manufacture, ownership, possession, storage, and transportation thereof, to the exclusion of all existing and future county, city, town, or municipal ordinances or any administrative regulations or rules adopted by local or state government relating thereto. Any such existing ordinances, rules, or regulations are hereby declared null and void."[8]
The language of preemption contained in section 790.33(1), Florida Statutes, providing that the Legislature has determined to occupy "the whole field" of firearms regulation is expansive. The statute specifically includes "the purchase, sale, transfer, taxation, manufacture, ownership, possession, storage, and transportation" of firearms, but does not limit its application to those activities. The clear statement that the Legislature is occupying the whole field of firearms regulation and the use of the term "includes" to imply a broad reading of the activities covered rather than limiting those to a specific list suggest a comprehensive preemption. However, while the preemption is broad, "the whole field of regulation," is, by its terms, limited to firearms regulation.
As discussed herein, a local business tax levied pursuant to Chapter 205, Florida Statutes, is not a regulation or regulatory tax and it is my opinion that a municipality may impose a local business tax upon classifications of businesses which may include gunsmiths or gun dealers. However, in drafting local business tax ordinances, municipalities must be mindful that the provision of a local business tax may only impose restrictions or burdens on firearms-related businesses to the same extent that any other similar business may be burdened.
In sum, it is my opinion that while section 790.33, Florida Statutes, as amended by Chapter 2011-109, Laws of Florida, preempts the entire field of regulation of firearms to the state, it does not affect the authority of a municipality to impose a local business tax as authorized by Chapter 205, Florida Statutes, upon businesses, professions, or occupations which may include gun dealers and gunsmiths.
Sincerely,
 Pam Bondi Attorney General
PB/tgh
[1] Chapter 2006-152, Laws of Fla., changed the name of the "local occupational license tax act" to the "local business tax act."
[2] Section 16.01(3), Fla. Stat. Based on the material included with your opinion request, I would direct the city's attention to s. 790.335, Fla. Stat., which prohibits any local governmental agency from keeping or causing to be kept "any list, record, or registry of privately owned firearms or any list, record, or registry of the owners of those firearms."
[3] Section 205.013, Fla. Stat.
[4] Section 205.043(1)(a), Fla. Stat.
[5] Section 205.042, Fla. Stat.
[6] Id.
[7] See, e.g., the City of Tallahassee's Code of Ordinances which in section 18-55, establishes such business classifications as "automobile and other vehicular activities," "banking and lending institutions," "entertainment/amusement," "merchant," "professional," "schools," and "services." For purposes of section 18-56 of the Tallahassee Code establishing a business tax rate schedule, business classifications such as those imposed on merchants are based on the square footage of the business location plus a fee based on the number of workers employed.
[8] And see s. 790.33(4), Fla. Stat., containing exceptions to the section and making it clear that the statute does not prohibit zoning ordinances which encompass firearms businesses along with other businesses. However, zoning ordinances which are designed for the purpose of restricting or prohibiting the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition are in conflict with the statute and are prohibited.